RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0738-MR

MATTHEW BROWNING                                             APPELLANT

v.          APPEAL FROM OLDHAM CIRCUIT COURT
            HONORABLE KAREN A. CONRAD, JUDGE
            ACTION NO. 15-CR-00062

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

CLAYTON, CHIEF JUDGE: Matthew Browning appeals from an Oldham Circuit

Court order revoking his probation. He argues the trial court failed to cogently link

its factual findings to the requirements of Kentucky Revised Statute (KRS)

439.3106(1), that his violation of the conditions of his probation posed a

significant risk to prior victims or members of the community at large, and that he

was unable to be appropriately managed in the community. We disagree and consequently affirm the holding of the Oldham County Circuit Court.

On June 7, 2018, a Judgment and Sentence Plea of Guilty was entered wherein Browning pled guilty to four counts of possession/viewing matter portraying a sexual performance by a minor. Browning was sentenced to serve five years, probated for five years based upon his guilty plea. The final sentencing order listed the terms and conditions of his probation which included supervision, reporting to his probation officer, notifying his probation officer of any changes in address, completing a sex offender treatment plan, and registering as a sex offender.

During the following months, Browning's probation officers filed four violation of supervision reports. The first report, filed on October 24, 2018, alleged several violations including receiving pictures of a minor, being in possession of a pornographic image of an adult woman, being in possession of a photograph featuring a child's Halloween costume, and having sent thirteen sexually explicit text messages.

On October 30, 2018, the trial court entered an order reinstating Browning's probation and directed to him to a facility for an assessment of his mental health. Further, the court ordered that Browning follow all recommendations made to him following that assessment.

On March 1, 2019, a letter sent to Browning terminating him from Kentucky Sex Offender Treatment was filed with the court. The reasons for termination from the report included violation of the terms of Browning's probation. Specifically, the report cited the fact that Browning left Jefferson County without the permission of his probation officer, and that Browning had engaged in high-risk pre-offense behaviors.

On March 5, 2019, a second violation of supervision report was filed. This report alleged violations of Browning's probation, including leaving the area of supervision without the permission of his parole officer, harassing or threatening his parole officer, termination from sex offender treatment program, failure to report contact with law enforcement for seventy-two hours, and for accessing social media under the pseudonym "Mateo Brown."

On April 25, 2019, the trial court reinstated Browning's probation on the conditions that he continue sex offender treatment with Kathleen Colebank and to continue mental health counseling.

On October 11, 2019, a third violation of supervision report was filed. This report alleged a violation of use of a volatile substance. According to the report Browning had overdosed on a combination of Nyquil and Mucinex. There was no trial court order for this violation because revocation was not recommended for this violation.

On February 19, 2020, a fourth violation of supervision report was filed. This report alleged numerous violations of Browning's probation including leaving the area of supervision, use of a controlled substance, possession of drug paraphernalia, having more than one residence at a time, failure to register an address with the Kentucky Sex Offender Registry, possession of multiple unregistered electronic devices, and the possession of a dangerous instrument.

The officer's report included the following information. Browning was found at the residence of his former spouse and their child. Browning was found sleeping in a bedroom in the residence which also held two unregistered laptops. A search of Browning's belongings revealed a small canister, which Browning admitted he used to carry methamphetamine, two syringes, a flip-phone, a smart-phone, and a recording device. Additionally, officers found a mobile hotspot device and a flare gun in Browning's vehicle. At the end of the report, the officer recommended revocation of Browning's probation.

On March 26, 2020, the Commonwealth filed a motion to revoke probation as well as a notice of revocation hearing based on the February 19, 2020 report. Further, on April 2, 2020, a letter from Browning's sex offender treatment program provider was filed with the court. This letter detailed Browning's extensive mental health issues and concluded with the following statement regarding the appellant.

Given his severe personality disorder, his continuous resistance to treatment, his inability to hold employment, and his unwillingness to address issues with any type of medication, this individual has reached his maximum potential for any significant progress in sex offender treatment and is being released from treatment. This man needs serious mental health intervention that seems to be not available to him through the Kentucky Department of Corrections.

When any attempt is made to focus the subject on a specific issue that he does not wish to discuss he becomes verbally aggressive, sarcastic, and demeaning of the counseling process. In general, this man seems to be deteriorating and is less amenable to intervention than he evidenced in May/June 2019.

On April 23, 2020, the Oldham County Circuit Court held a revocation hearing for Browning. At this hearing, Ms. Robinson testified on behalf of Officer Popham as to the contents of the violation of supervision report. Browning was not present at the hearing but was represented by counsel on his behalf.

The defendant's counsel addressed claims that the frequency of Browning's stays at the secondary address had not been adequately addressed. Further, defense counsel focused on the fact that while in possession of paraphernalia, Browning was not in possession of methamphetamine at the time of the search.

On May 5, 2020, the trial court entered its order finding that Browning had violated the conditions of his probation on account of his record and

the most recent violations of his probation including his departure from the area of supervision, possession of paraphernalia, possession of electronic devices, possession of a 12-gauge flare gun, and his termination from a second attempt at sex offender treatment. Based on the above the court found that the Commonwealth had carried its burden by showing that Probation and Parole had sought Court intervention, the Court had intervened and issued orders, and that Browning was incapable or unwilling to comply with those orders regarding mental health and sex offender treatment. Further, the Court found that Browning's failure to comply with its orders constitutes a significant risk to the community at large and that Browning could not be successfully managed in the community. This appeal followed.

Before revoking probation, a trial court must consider KRS 439.3106(1), which provides that "[s]upervised individuals shall be subjected to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of interventions which may assist the offender to remain compliant and crime-free in the community.

The Kentucky Supreme Court, in *Commonwealth v. Andrews*, held that the statute "requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." 448 S.W.3d 773, 780 (Ky. 2014). "The legislature" by requiring the trial court to make such determinations "furthers the objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations." *Id*. at 779 (citation omitted).

On appeal, Browning argues that the trial court abused its discretion when it revoked his probation. Specifically, he asserts that the trial court failed to adequately connect the evidence to each prong of KRS 439.3106(1). Finally, Browning argues that the evidence proffered was insufficient for the trial court to reach the decision that it did. We disagree.

The trial court's order is a detailed account of Browning's history of mental health issues and repeated violations of the conditions of his probation. From the record, the Commonwealth sufficiently carried its burden in presenting substantial evidence on which the trial court based its revocation order. The order clearly linked the evidence regarding Browning's violation of continued possession of pornographic materials, possession of paraphernalia, and his unsanctioned departure from the area of supervision to Browning's inability to be managed in

the community. Additionally, the trial court's finding that Browning was incapable or unwilling to complete mental health treatment and that Browning's termination from two sex offender treatment programs is dispositive that he is a danger to the community at large.

Browning's argument that the trial court's order failed to "cogently link evidence to satisfy the necessary findings required in KRS 439.3106(1)" fails, as even though "the statute requires a trial court to consider whether a probationer's failure to abide by a condition poses a significant risk to prior victims or the community at large[,] [n]either KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of the record." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015) (internal quotation marks and citation omitted).

Because the Oldham County Circuit Court found that Browning is unable to be managed in the community and that he poses a significant risk to the community at large, as required under KRS 439.3106(1), its order revoking probation is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K. M. Martin
Assistant Attorney General
Frankfort, Kentucky