RENDERED: AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0003-MR

CHRISTOPHER WISE             APPELLANT


APPEAL FROM POWELL CIRCUIT COURT
v.        HONORABLE FRANK ALLEN FLETCHER, JUDGE
ACTION NO. 16-CR-00133


COMMONWEALTH OF KENTUCKY             APPELLEE


AND        NO. 2020-CA-0004-MR

CHRISTOPHER WISE             APPELLANT


APPEAL FROM POWELL CIRCUIT COURT
v.        HONORABLE FRANK ALLEN FLETCHER, JUDGE
ACTION NO. 17-CR-00036


COMMONWEALTH OF KENTUCKY             APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, McNEILL, AND L. THOMPSON, JUDGES.

McNEILL, JUDGE: Christopher Wise ("Wise") appeals from the Powell Circuit Court's November 20, 2019[1] orders revoking his probation in Action No. 16-CR-00133 and Action No. 17-CR-00036. Wise argues the court failed to make the required findings under KRS[2] 439.3106 concerning whether his failure to comply with the conditions of his supervision was a "significant risk to prior victims . . . or the community at large" and whether he could be "appropriately managed in the community[.]" After careful review, we affirm.

On April 4, 2018, Wise entered a guilty plea in Action No. 16-CR-00133 to reckless driving, second-degree assault, and second-degree escape and was sentenced to six years' imprisonment. On the same day, he also entered a guilty plea in Action No. 17-CR-00036 to theft by unlawful taking over $10,000 and was sentenced to seven years' imprisonment to run consecutive to his sentence in Action No. 16-CR-00133, for a total of thirteen years' imprisonment.

The court probated these sentences on several conditions, including that Wise report to probation, submit to random drug testing, stay out of Powell County, and commit no further violations of the law. On June 29, 2018, the

---

[1] On December 4, 2019, the circuit court entered an amended order revoking probation to correct a clerical error in Action No. 16-CR-00133.

[2] Kentucky Revised Statutes.

Commonwealth filed a motion to revoke Wise's probation, alleging that he had absconded to Florida. On June 5, 2019, the court partially revoked Wise's probation and sanctioned him for time served. Because Wise represented he had a job in Florida, the court ordered him to return within forty-eight hours of release and to have his probation transferred.

However, Wise did not return to Florida and on September 22, 2019, he was arrested in neighboring Lee County for theft of a motor vehicle registration plate/renewal decal, speeding, no/expired registration receipt, and no/expired registration plates. On September 25, 2019, the Commonwealth again moved to revoke Wise's probation, citing the new felony arrest, a positive drug screen for opiates, admitted use of alcohol and Lortab, and failing to pay for alcohol and drug testing as directed.

On November 20, 2019, the circuit court held a probation revocation hearing wherein Wise's probation officer testified to the above facts. Wise claimed he had a prescription for the Lortab but presented no evidence at the hearing. He further stated he had not gone back to Florida because he had lost his job there. Following the evidence, the court revoked Wise's probation, specifically mentioning it had tried other alternatives to incarceration, including originally probating Wise and the partial revocation where the court allowed him the opportunity to return to Florida and transfer his probation. The court noted Wise

had tested positive for opiates and had a new felony arrest for alleged theft of a vehicle registration plate.

The court's written orders revoking probation, entered November 20, 2019, further found "[t]hat the Defendant's failure to comply with the conditions of supervision constitutes a significant risk to the victim(s) of the original crime and/or the community at large which cannot be appropriately managed in the community."

Wise filed a notice of appeal in both cases (Appeal No. 2020-CA-0003-MR in Action No. 16-CR-00133 and Appeal No. 2020-CA-0004-MR in Action No. 17-CR-00036). The Court consolidated the appeals by order entered on March 2, 2020.

"A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citation omitted). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). "Put another way, we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure v. Commonwealth*, 457 S.W.3d 728,

730 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004)).

Wise contends the circuit court abused its discretion in failing to make findings as required by KRS 439.3106(1). Specifically, he states "[t]he record is devoid of any express written or oral findings concerning whether Mr. Wise could be managed within the community or how his violations constituted a significant risk to prior victims or the community." Wise argues a trial court is required to make specific findings as to the evidence it relied on in revoking probation. He further criticizes the circuit court's use of a check-the-box form order, citing *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015).

"The first step in analyzing a probation revocation claim is to determine whether the trial court properly considered KRS 439.3106(1) before revoking the defendant's probation." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 629 (Ky. 2019) (citation omitted). In making this determination, "we must look at the trial court's findings–both in open court and in its written order–to determine whether KRS 439.3106(1) and due process requirements were met." *Id.* at 630.

KRS 439.3106(1) provides in relevant part:

> Supervised individuals shall be subject to . . . [v]iolation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at

large, and cannot be appropriately managed in the community[.]

A court must make both statutory findings, regarding risk and the inability to be managed in the community, before revoking probation. "[W]hile trial courts retain discretion in revoking probation, consideration of the criteria provided in KRS 439.3106 is a mandatory prerequisite to revocation." *Richardson v. Commonwealth*, 494 S.W.3d 495, 498 (Ky. App. 2015). The essential questions are "[w]hether the evidence of record supported the requisite findings that [Wise] was a significant risk to, and unmanageable within, his community; and whether the trial court, in fact, made those requisite findings." *McClure*, 457 S.W.3d at 732.

Here, the circuit court made oral findings that Wise had tested positive for opiates and been arrested for theft of a motor vehicle registration plate. It further noted it had tried lessor sanctions when it first probated Wise and then again when it partially revoked his probation and gave him the opportunity to move to Florida and transfer his probation. While the court did not mention the statutory language of KRS 439.3106 from the bench, its written order found "[t]hat the Defendant's failure to comply with the conditions of supervision constitutes a significant risk to the victim(s) of the original crime and/or the community at large which cannot be appropriately managed in the community."

-6-

Wise faults the circuit court's use of a form order and argues the court is required to make specific findings as to the evidence it relied upon in finding that he was a significant risk or that he could not be managed in the community. We disagree. "The statute requires a trial court to consider whether a probationer's failure to abide by a condition poses a significant risk to prior victims or the community at large[;] [n]either KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d at 733 (Ky. App. 2015) (internal quotation marks and citation omitted).

Here, the circuit court cited Wise's probation violations both orally from the bench and in its written order. It further made the requisite findings under KRS 439.3106 in its written order and the evidence of record supported these findings. Wise's original convictions were for reckless driving, second-degree assault, second-degree escape, and theft by unlawful taking over $10,000. He violated his probation by absconding to Florida and then allegedly committing another theft. This conduct combined with Wise's prior offenses support the findings that he is a danger to and cannot be appropriately managed in the community. Therefore, there was no abuse of discretion.

Lastly, Wise argues that the circuit court failed to consider lessor sanctions as required under KRS 439.3106(2).

> KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions . . . . The elective language of the statute as a whole creates an alternative employed and imposed at the discretion of the trial court . . . . Nothing in the statute or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation."

*McClure*, 457 S.W.3d at 732. The circuit court did, in fact, consider whether alternatives to revocation were appropriate, noting that Wise had already received lessor sanctions when the court partially revoked his probation. The circuit court did not abuse its discretion in deciding against sanctions other than incarceration.

For the foregoing reasons, we affirm the orders of the Powell Circuit Court revoking Wise's probation.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Travis Bewley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky