RENDERED:  JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0087-MR

CHANCE BREWER                                                    APPELLANT

v.
APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE DAVID A. TAPP, JUDGE
ACTION NOS. 18-CR-00236-002, 18-CR-00246, 18-CR-00264

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND K. THOMPSON,
JUDGES.

CLAYTON, CHIEF JUDGE:  Chance Brewer ("Brewer") appeals from the Pulaski

Circuit Court's order revoking his probation and imposing a twenty-year sentence

of imprisonment.  Based upon our review of the record and the applicable law, we

affirm.

## FACTUAL AND PROCEDURAL HISTORY

In July of 2018, Brewer was charged with receiving stolen property under $10,000, a class D felony, theft by unlawful taking over $10,000, a class C felony, theft by unlawful taking under $10,000, a class D felony, and theft of identity, a class D felony.

On July 20, 2018, Brewer filed a motion to enter a guilty plea to each of the charged offenses. The Commonwealth recommended a total sentence of ten years probated for five years and for all of Brewer's remaining charges to be dismissed pursuant to the plea agreement.

On July 25, 2018, the circuit court entered final judgment on the guilty plea in accordance with the plea agreement, pending a presentence investigation. The circuit court released Brewer from custody pending a sentencing hearing on the conditions that he has no further violations of the law; refrain from using any controlled substance or alcohol; submit to random drug testing; obtain a substance abuse evaluation within twenty days; and seek drug treatment.

In August 2018, Brewer failed to report to drug tests on August 8 and August 31. On September 6, 2018, the circuit court issued a bench warrant, and he was arrested the next day.

Brewer appeared before the circuit court for sentencing on September 7, 2018, at which time the circuit court ordered that Brewer be drug tested. Brewer tested positive for marijuana, methamphetamine, and Suboxone. Due to Brewer's multiple violations of his conditional release, the circuit court permitted the Commonwealth to withdraw its plea offer and maintain the position that Brewer should serve the ten-year sentence. Defense counsel requested retention of the plea agreement with the condition that Brewer be sent to inpatient drug treatment.

Ultimately, the circuit court offered Brewer two sentencing options. Brewer could serve the ten years, or the circuit court could impose a twenty-year sentence that would be probated for five years. However, the circuit court refused to release Brewer unless it was to an inpatient treatment facility. The circuit court gave Brewer time to consult with counsel but, out of an abundance of caution, continued the hearing to another date.

On September 27, 2018, Brewer appeared before the circuit court. He expressed a desire to accept the circuit court's offer of twenty years probated for five years, with the condition that he remain incarcerated until being sent to a long-term rehab facility. The circuit court stated that Brewer's decision to take the longer, probated sentence was a terrible idea, given Brewer's prior history of bond violations, lack of attending treatment, and his new crimes. Nevertheless, Brewer confirmed his decision, and the circuit court reluctantly accepted Brewer's

decision. As part of the conditions of probation, the circuit court required Brewer to enter a treatment facility for a minimum of 180 days and pay restitution.

On October 12, 2018, Brewer was released to report to Morehead Inspiration Center for treatment. While he reported to treatment, he checked himself out that evening and failed to report to his probation officer. On October 19, 2018, the Commonwealth filed a motion to revoke probation, and an arrest warrant was served on Brewer in the Fayette County Detention Center.

The circuit court conducted a probation revocation hearing on July 25, 2019. The circuit court made findings that Brewer had absconded from supervision, failed to report, and committed new offenses. Based on the foregoing, the circuit court revoked Brewer's probation. The circuit court emphasized that Brewer not only left treatment but did not mitigate his decision by failing to communicate with his attorney or probation officer. The circuit court then found Brewer could not be adequately supervised in the community and was a danger to prior victims and to the community at large.

The circuit court's written order cited Brewer's probation violations for absconding and failure to complete treatment for substance abuse. It further noted Brewer's prior violations of probation and violation of non-financial conditions of bond as satisfying the statutory requirement for probation revocation and imposing the sentence of twenty years' incarceration. This appeal followed.

## ANALYSIS

### a. Standard of Review

We review a circuit court's decision to revoke probation for an abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009)). Under this standard of review, this Court "will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Andrews*, 448 S.W.3d at 780 (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

### b. Statutory Requirements of Kentucky Revised Statute ("KRS") 439.3106

When analyzing a probation revocation claim, this Court must first address whether the circuit court considered the provisions of KRS 439.3106 before revocation. *Andrews*, 448 S.W.3d at 780. KRS 439.3106 states that defendants on probation shall be subject to:

> (1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions

-5-

> which may assist the offender to remain compliant and crime-free in the community.

In this case, Brewer concedes that the circuit court considered why he could not be properly managed in the community but argues that it failed to explain how he posed a significant risk to the community or prior victims. The circuit court must make the requisite findings of fact to determine if Brewer would pose a significant risk. *Andrews*, 448 S.W.3d at 780. This Court has emphasized that "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). Instead, "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Id.*

Additionally, the Kentucky Supreme Court has determined that a Court must "look to both the written and oral findings in conjunction with one another and not separately in a vacuum." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019). Therefore, this Court may look at both the written and oral records to determine if the circuit court addressed the statutory criteria. *Id.* The circuit court is not required to give any further explanations of the statutory findings that are supported by the evidence of the record. *See McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). If the circuit court complies with the requirement, they owe no further explanation. *Id.*

Brewer likens this case to that of *Lainhart v. Commonwealth*, 534 S.W.3d 234, 238 (Ky. App. 2017), where a panel of this Court held that the circuit court did not consider whether the defendant posed a significant risk to prior victims or the community. However, there was no basis in the record of *Lainhart* to show that the defendant was a significant risk. *Id.* Given Brewer's extensive prior history of probation violations and repeated perpetration of crimes, the circuit court did not abuse its discretion in determining that Brewer did pose a danger to the community at large.

Moreover, in its written order, the circuit court found that Brewer's failure to complete treatment for substance abuse, compounded with his failure to report to his probation officer or his attorney, showed he could not be adequately managed in the community and posed a risk of danger to prior victims and the community at large. In addition, the circuit court cited Brewer's prior probation violations and previous non-financial conditions of bond violations as reasons for his decision.

At the hearing, the circuit court considered Brewer's prior history on probation and potential for continued offenses. The circuit judge looked at Brewer's most recent violations of probation, Brewer's prior history, which showed numerous violations of probation and bond, and Brewer's criminal history perpetrated throughout three different counties. Given this information, the circuit

-7-

court determined that Brewer posed a significant risk to prior victims and the community at large, satisfying the statutory requirement. Thus, we discern no abuse of discretion on the part of the circuit court.

Brewer also argues on appeal that the circuit court never considered imposing graduated sanctions. The Supreme Court of Kentucky has recognized that while there is a "new emphasis in imposing and managing probation, it does not upend the trial court's discretion in matters of probation revocation, provided that discretion is exercised consistent with statutory criteria." *Andrews*, 448 S.W.3d at 780. "Nothing in the statute or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation." *McClure*, 457 S.W.3d at 732 (emphasis in original).

It is clear from a review of the oral and written record that the circuit court considered Brewer's record and his most recent violations of probation. His prior history indicates that his actions were not merely minor violations of probation that would be better suited to sanctions. *Andrews*, 448 S.W.3d at 779. The circuit court then concluded there was "no reasonable set of conditions which could be imposed to ensure Brewer's compliance with the terms of probation and thus modification or the imposition of sanction in lieu of revocation is not warranted."

This Court has come to the determination that the circuit court correctly found that Brewer constituted a significant risk to prior victims and the community and could not be managed in the community. Therefore, given the language of the statute, which requires the statutory finding of significant risk to the community or prior victims and inability to be appropriately managed in the community "or" the imposition of sanctions, we find that the circuit court acted within its discretion by choosing not to impose graduated sanctions in this case.

## HAMMER CLAUSE

Brewer next argues that the sentencing options offered by the circuit court judge, described as a "Hobson's Choice," amounted to a "hammer clause." This issue was never preserved in the circuit court; therefore, this Court will review for palpable error. *See* Kentucky Rule of Criminal Procedure ("RCr") 10.26; *Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006).

In this case, both the record and applicable case law show that the choice offered by the circuit court did not amount to a "hammer clause." The Kentucky Supreme Court has previously addressed the use of hammer clauses in both *Knox v. Commonwealth*, 361 S.W.3d 891, 899 (Ky. 2012), and *McClanahan v. Commonwealth*, 308 S.W.3d 694, 698-703 (Ky. 2010). As stated by the Kentucky Supreme Court in *Knox*:

> Generally, a hammer clause provides that if the defendant complies with all the conditions of his release and

-9-

> appears for the sentencing hearing, the Commonwealth will recommend a certain sentence. But, if he fails to appear as scheduled or violates any of the conditions of his release, a specific and substantially greater sentence will be sought.

*Knox*, 361 S.W.3d at 893-94.

In *Knox*, the Commonwealth included a hammer clause in its plea agreement, which allowed the defendant to be released on home incarceration. *Id.* at 894. If the defendant violated the conditions of release, he would be subject to twenty years in prison rather than ten years. *Id.* The Kentucky Supreme Court set aside the sentence because the trial court based the sentence entirely on the hammer clause rather than considering the statutory requirements. *Id.* at 899.

In *McClanahan*, the Commonwealth included a hammer clause in the plea agreement, whereby if the defendant violated the conditions of his release, he would receive a forty-year sentence instead of a ten-year sentence. *McClanahan*, 308 S.W.3d at 696. The defendant violated the conditions, and the judge imposed a thirty-five-year sentence. *Id.* The Supreme Court concluded that the sentence should be set aside because it exceeded the maximum legal punishment allowed and the statutory requirements were not observed. *Id.* at 695.

Brewer's case is distinguishable from the preceding cases in that it was the circuit court offering him the choice at sentencing rather than the Commonwealth including the options as part of a plea agreement. Thus, there was

no "hammer," but merely an option between the two sentences. Indeed, the circuit court even indicated to Brewer that it would be a mistake not to take the ten-year sentence given his prior history.

Even if this Court were to consider the circuit court's sentencing options to be a hammer clause, the circuit court did not impose the sentence without proper consideration of the other statutory factors, as in *Knox*, 361 S.W.3d at 899. It also did not exceed the lawful range for punishment, nor did the judge fail "to exercise independent judicial discretion at the sentencing hearing[,]" as in *McClanahan*. *McClanahan*, 308 S.W.3d at 698-703. The Supreme Court has determined that the mere presence of a hammer clause does not mean that a sentence should be set aside. *Knox*, 361 S.W.3d at 899. While the Court expressed reluctance towards the use of hammer clauses, it concluded that the statutory requirements and duties of the trial judge apply any time a plea agreement is presented, regardless of whether there is a hammer clause. *Id*. Therefore, in this case, we find no error "so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Martin*, 207 S.W.3d at 5.

## CONCLUSION

For the foregoing reasons, we affirm the Pulaski Circuit Court's probation revocation order.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky