RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0209-MR

ROY SMOTHERS                                    APPELLANT

v.
APPEAL FROM MARION CIRCUIT COURT
HONORABLE KAELIN G. REED, JUDGE
ACTION NOS. 19-CR-00034, 19-CR-00061, AND 20-CR-00003

COMMONWEALTH OF KENTUCKY                  APPELLEE

AND

NO. 2022-CA-0210-MR

ROY SMOTHERS                                    APPELLANT

v.
APPEAL FROM MARION CIRCUIT COURT
HONORABLE KAELIN G. REED, JUDGE
ACTION NO. 21-CR-00068

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE:  In this consolidated appeal, Roy Smothers appeals from the revocation of his probation.  He argues that he did not pose a significant danger to the community and that his probation should not have been revoked.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

In case No. 19-CR-00034, Appellant pleaded guilty to felony theft by unlawful taking.[1]  He received a sentence of five years and was ordered to pay $7,875 in restitution.  In case No. 19-CR-00061, Appellant pleaded guilty to felony theft by unlawful taking and third-degree criminal trespass.[2]  He received a sentence of two years and was ordered to pay $1,890 in restitution.  He was granted probation in both cases on December 19, 2019.

In case No. 20-CR-00003, Appellant pleaded guilty to first-degree criminal mischief[3] and misdemeanor theft by unlawful taking.[4]  He received a sentence of one year.  In case No. 21-CR-00068, Appellant pleaded guilty to

---

[1] Kentucky Revised Statutes (KRS) 514.030.

[2] KRS 511.080.

[3] KRS 512.020.

[4] KRS 514.030.

promoting contraband in the first degree.[5] He received a sentence of one year. Appellant was granted probation for these convictions on June 17, 2021.

During 2020, Appellant violated the terms of his probation on multiple occasions. In January he admitted to the use of methamphetamine and marijuana. In March he failed to complete drug treatment and failed to pay restitution. In April he failed to complete drug treatment and absconded from supervision. In September he failed to complete drug treatment and absconded from supervision.

In 2021, while still on probation, Appellant was charged with a felony and misdemeanor charge, which he ultimately pleaded guilty to as discussed previously. On September 8, 2021, Appellant admitted to using methamphetamine and marijuana. Despite numerous probation violations, Appellant's probation was not revoked. Instead, he was repeatedly ordered to undergo drug treatment.

On September 14, 2021, Appellant was ordered to undergo inpatient drug treatment. Appellant was informed that when a spot became available at the treatment facility Appellant would be contacted by his probation officer. Two days later a spot at the treatment facility became available and Appellant's probation officer attempted to contact Appellant. The officer was unsuccessful.

---

[5] KRS 520.050.

Appellant's probation officer was able to contact Appellant on September 20, 2021. The officer informed Appellant that he needed to report to the treatment facility on September 22, 2021. Appellant did not report to the facility. In early October the probation officer attempted to get Appellant to report to the probation offices; however, he was unsuccessful. A bench warrant was issued for Appellant for failing to attend drug treatment and for absconding from supervision. The probation officer had no further contact with Appellant until Appellant's arrest in December of 2021.

A probation revocation hearing was held in January of 2022. Appellant and his probation officer both testified. On February 3, 2022, the trial court entered an order revoking Appellant's probation. The trial court found that Appellant absconded from supervision and failed to attend his drug treatment program. It also found that Appellant's failure to abide by the terms of his probation presented a significant risk to the community. The court found it significant that Appellant has been unable to fully comply with his probation since it began in December of 2019. The court believed it would be fruitless to add more accountability measures to Appellant's probation and that Appellant could not be adequately managed in the community. This appeal followed.

## ANALYSIS

Appellant argues on appeal that the trial court erred in revoking his probation because he did not pose a significant risk to the community even though he violated his probation requirements.

KRS 439.3106 states:

(1) Supervised individuals shall be subject to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

We review a probation revocation claim for abuse of discretion. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 629 (Ky. 2019).

We do not believe the trial court abused its discretion when it revoked Appellant's probation. Appellant had been on probation for two years and had been unable to follow the probation requirements. Appellant failed to complete multiple drug treatment programs, absconded from supervision multiple times, and

admitted to continued drug use. Appellant also received new felony and misdemeanor convictions during his probation. The trial court was very lenient with Appellant and gave him multiple chances to complete his probation.

We find support for our decision in the cases of *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015), and *New v. Commonwealth*, 598 S.W.3d 88 (Ky. App. 2019). In *McClure*, a previous panel of this Court held that continued drug use and attempts to thwart proper probation supervision[6] constituted a significant risk to the community. *McClure*, 457 S.W.3d at 733. In *New*, this Court held that continued drug use and providing falsified paperwork to a drug court constituted a significant risk to the community. *New*, 598 S.W.3d at 90-91. Here, Appellant continued to use drugs and undermined his drug treatment and probation supervision on multiple occasions. This poses a significant risk to the community and proves that Appellant cannot be managed in the community.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in revoking Appellant's probation; therefore, we affirm the judgment of the court.

ALL CONCUR.

---

[6] The appellant in *McClure* tried to use another person's urine to pass a drug test.

BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky