**Brian MCCLURE, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

NO. 2013–CA–002090–MR

Court of Appeals of Kentucky.

RENDERED: MARCH 13, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Roy A. Durham, III, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, David W. Barr, Assistant Attorney General, Frankfort, Kentucky

BEFORE: MAZE, NICKELL, AND STUMBO, JUDGES.

## OPINION

MAZE, JUDGE:

Appellant, Brian McClure, appeals from an order of the Powell Circuit Court revoking his probation. Having reviewed the record and the relevant law in this case, we conclude that the trial court's order revoking McClure's probation lacked an essential finding. Therefore, we must remand.

## Background

On July 25, 2012, a Powell County grand jury indicted McClure on charges of Burglary, Theft of a Controlled Substance, and Theft by Unlawful Taking. In December 2012, the trial court accepted McClure's plea of guilty to all charges and sentenced him to five years' imprisonment. The trial court immediately probated McClure's sentence conditioned on several require-

ments, including that he submit to drug testing and refrain from using banned substances.

Less than a year later, McClure's Probation and Parole Officer, Patrick Oney, petitioned the trial court to revoke McClure's probation. The trial court conducted a revocation hearing on November 6, 2013, during which Officer Oney testified and the following evidence came to light: On September 18, 2013, McClure tested positive for Suboxone, a controlled substance banned under the terms of McClure's probation. Nevertheless, Probation and Parole did not request revocation of McClure's probation following this incident. Instead, McClure received a verbal warning and was subjected to a higher level of supervision.

Less than a month after his positive test, Probation and Parole asked McClure to submit to another drug test; however, McClure stated that he could not produce a sample. At Probation and Parole's instruction, McClure returned the next day to submit to another test. However, the temperature of the sample McClure submitted was anomalous. The Probation and Parole Officer who was present, Patrick Hoover, questioned McClure and ultimately asked him to pull down his pants, revealing McClure's possession of a now-empty syringe.

Following this testimony, the trial court entered an order revoking McClure's probation. The trial court concluded on the record,

... Mr. McClure, the court is going to sentence you to five years. The main thing that concerns the court more than anything is attempting to alter a drug screen which means apparently that if you went to those levels, that you do have an addiction and considering the large number of days you have, you will probably be eligible for parole pretty soon. And you can make a motion for shock at a later date.... but I don't know, that is pretty serious, especially considering that he was probated.

On the preprinted Order Revoking Probation, the trial court noted, *inter alia*, "Danger to Public—Altered Drug Screen." McClure now appeals from this order.

### Standard of Review

We review a trial court's decision to revoke probation for an abuse of discretion. *See Southwood v. Commonwealth*, 372 S.W.3d 882, 884 (Ky.App.2012). The trial court abuses its discretion only when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citing *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky.2007)). Put another way, we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law. *Miller v. Eldridge*, 146 S.W.3d 909, 915, n. 11 (Ky. 2004).

### Analysis

Kentucky Revised Statutes (KRS) 439.3106 states that defendants on probation shall be subject to:

(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the

offender to remain compliant and crime-free in the community.

On appeal, McClure alleges three errors: It failed to make findings regarding both factors of KRS 439.3106(1); its findings were unsupported by the evidence; and it failed to consider or impose graduated sanctions prior to incarceration. Before addressing these alleged errors, we review the limited authority that has evolved regarding KRS 439.3106 in the statute's brief existence.

## I. Prior Split in Authority and *Commonwealth v. Andrews*

Since the enactment of KRS 439.3106 in 2011, this Court has toiled with whether the new statute required trial courts to enter express findings as to the factors found in its subsection (1). Various panels of this Court have come to various conclusions. In both *Jarrell v. Commonwealth*, 384 S.W.3d 195 (Ky.App.2012), and *Southwood v. Commonwealth*, 372 S.W.3d 882 (Ky.App.2012), the Court of Appeals affirmed revocation despite a lack of express findings as to both elements of the new statute. A separate panel of this Court reversed revocation because the trial court "fail[ed] to evaluate the other statutory criteria set forth in KRS 439.3106 [and relied] solely on the element of failure to report." *See Carter v. Commonwealth*, 2013 WL 645829 (Ky.App.2013) (2012–CA–000064–MR), *discretionary review granted*, 2013–SC–000176–DG (Ky. April 17, 2013).

Finally, in a case rendered on December 18, 2014, after the parties briefed this appeal, the Kentucky Supreme Court addressed for the first time the issue of whether KRS 439.3106 requires trial courts to make express findings as to its elements. *See Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky.2014).[1] In *Andrews*, the probationer argued that his single positive drug test (and subsequent dishonesty concerning its cause) was insufficient to warrant revocation under the new statute. After the trial court revoked his probation, Andrews appealed and the Court of Appeals reversed, concluding that the new statute "restrained the discretion of the trial courts to revoke probation" and that "a failure to comply with a condition of probation is no longer sufficient to automatically justify revocation of probation." *Andrews v. Commonwealth*, 2012 WL 5986527 (Ky.App.2011)(2011–CA–001360–MR).[2]

The Supreme Court unanimously upheld the trial court's decision to revoke, holding that KRS 439.3106 required trial courts "to consider whether a probationer's failure to abide by a condition of supervision constitute[d] a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community...." *Andrews* at 776. These findings "allow[ ] the trial court to conclude with some certainty that the imposition of some other accountability measure would be fruitless...." *Id.* at 779. The Court noted that the trial court had made either written or oral findings concerning each factor of KRS 439.3106(1), the sum of which was sufficient under the statute.

Of equal import in *Andrews*, the Supreme Court rejected this Court's opinion that the language of KRS 439.3106 diminished the trial court's traditional discretion over revocation. On the contrary, the Court stated that "[w]hile HB 463 reflects

1. The Supreme Court's decision in *Andrews* became final on January 8, 2015.

2. Given the similarity between the styles of the Court of Appeals case and the Supreme Court case, subsequent citations to *"Andrews" infra* will refer exclusively to the Supreme Court's decision in that case.

a new emphasis in imposing and managing probation, it does not upend the trial court's discretion in matters of probation revocation, provided that discretion is exercised consistent with statutory criteria." *Andrews* at 780.

The guidance of the Supreme Court's decision in *Andrews* was unavailable to the trial court and the parties who argued this appeal. Nevertheless, we employ that guidance now, as we would be remiss if we did not.

## II. Revocation of McClure's Probation

We examine the issues McClure raises on appeal through the lens of *Andrews* and its reading of KRS 439.3106. Before considering the sufficiency of both the trial court's findings and the evidence of record supporting those findings, we address McClure's assertion that the statute required the trial court to employ graduated sanctions as an alternative to revocation.

### A. Imposition of Graduated or Lesser Sanctions

■ In *Andrews*, the Supreme Court outlined the "schema" it believed the General Assembly intended to construct with HB 463 and KRS 439.3106, *et seq.* The Court surmised that "application of KRS 439.3106(1) allows the trial court to conclude with some certainty that the imposition of some other accountability measure would be fruitless, as the probationer both poses a risk and is not manageable in the community." In other words, the General Assembly intended the task of considering and making findings regarding the two factors of KRS 439.3106(1) to serve as the analytical precursor to a trial court's ultimate decision: whether revocation or a lesser sanction is appropriate.

Within this "schema," as the Supreme Court called it, KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions; and, as even McClure concedes on appeal, incarceration remains a possibility. The elective language of the statute as a whole creates an alternative employed and imposed at the discretion of the trial court—discretion the Supreme Court insisted the trial court retained in light of the new statute. *Andrews* at 780. Nothing in the statute or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation. Hence, the statute did not require the present trial court to impose a lesser sanction on McClure.

Furthermore, the testimony at the hearing established that McClure had already enjoyed the benefit of "sanctions other than incarceration" prior to going before the trial court, but to no avail. After McClure tested positive for Suboxone in September 2013, instead of immediately seeking revocation, Probation and Parole imposed graduated sanctions in the form of increased screening. This proved ineffective, as less than a month later, McClure attempted to alter the results of a second screening, presumably to avoid again testing positive for a banned substance. We therefore conclude that the trial court did not abuse its discretion in deciding against sanctions other than incarceration.

### B. Sufficiency of the Evidence and of the Trial Court's Findings

Our analysis now turns to two intertwined questions: Whether the evidence of record supported the requisite findings that McClure was a significant risk to, and unmanageable within, his community; and whether the trial court, in fact, made those requisite findings. McClure contends that the evidence in the record supported neither finding and that the trial court, in fact, made neither finding.

■ McClure claims that because he allegedly posed no risk to anyone in the community but himself, the evidence did not support a finding that he posed a significant risk to the community. However, our reading of KRS 439.3106(1) refutes this. Though the statute clearly requires entry of a finding of "significant risk," surely it cannot be further read to require a probationer to commit some heinous act before he can be found to be a risk to someone other than himself. We sincerely doubt the General Assembly intended to set so high, and potentially injurious, an evidentiary burden.

More importantly, the record supported a finding that McClure posed a "significant risk" and could not be managed within the community. Officer Oney's testimony established that McClure was convicted of burglary and theft of a controlled substance; he was granted the privilege of probation; he used a controlled substance in violation of the terms of that probation and was subjected to further, more frequent testing. In response to this increased supervision, he went to great lengths to undermine the efforts of those supervising him by carrying someone else's urine in a syringe concealed in his pants. These facts constituted substantial support for the conclusion that a person who would go to such lengths to continue using a substance he was forbidden to use under penalty of five years in prison posed a significant risk to, and was unmanageable within, the community in which he lived.

■ The record also contradicts McClure's argument that the trial court failed to enter a sufficient finding that he posed a significant risk to the community. In addressing the two arguments McClure makes to this effect, like the Supreme Court did in *Andrews*, we look to both the written and video record for evidence of whether the trial court "specifically considered the criteria in KRS 439.3106[.]" *Andrews* at 780. Under this analysis, we disagree with McClure's assertion that the trial court simply failed to make a finding as to "significant risk." On the written order revoking McClure's probation, the trial court found that McClure was a "danger to [the] public" based on his attempt to alter the results of a drug screen. In addition, the trial court's statements at the conclusion of the hearing further demonstrated that the court considered the gravity of McClure's actions and the danger posed by his obvious addiction. This was sufficient.

■ McClure alternatively contends that the trial court's finding of significant risk was insufficient because it did not include an explanation of "how attempting to alter a drug screen posed a danger to society." However, this argument lacks legal support. The statute requires a trial court to consider "whether a probationer's failure to abide by a condition poses a significant risk to prior victims or the community at large." *Andrews* at 776. Neither KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of record. The trial court complied with this requirement and it owed McClure no further explanation.

■ McClure next asserts that the record is devoid of any express written or oral finding concerning whether McClure could be managed within the community; and he is correct. While evidence existed in the record to support it, the trial court failed to make a finding on this essential second element. Under the analysis in *Andrews*, the trial court's decision to revoke, in the absence of this finding, constituted an abuse of discretion, and the matter must be remanded.

On remand, the trial court shall enter express findings as to both elements of KRS 439.3106(1). Per *Andrews,* once the trial court has fully considered and found as to these elements, its analysis should produce a conclusion concerning whether revocation or a lesser sanction is most appropriate, thus serving both the spirit of, and the intent behind, KRS 439.3106.

## Conclusion

In closing, we are compelled to emphasize what the Court in *Andrews* clearly stated: While KRS 439.3106(1) indubitably requires entry of two vital findings of fact, it does not do so at the expense of the trial court's discretion over the broader matter of revocation. *Andrews* at 780. Accordingly, the importance of certain facts is not ours to weigh on appeal, but is properly left to the trial court's exclusive discretion. Our proper role is merely to evaluate the sufficiency of the evidence and whether an abuse of the trial court's discretion occurred. To hold, or to do, otherwise would be to invade the province of fact finding best occupied by our trial courts.

Extending this appropriate level of discretion to the trial court in this case, we conclude that a single abuse of that discretion occurred when the trial court failed to make enter an essential statutory finding, either in writing or from the bench. For this reason, we reverse the trial court's revocation of McClure's probation on the basis that the trial court's decision to do so, in the absence of an essential factual finding, constituted an abuse of discretion. We further remand the question of revocation to the trial court for entry of further findings which comply with this opinion and with KRS 439.3106.

ALL CONCUR.