RENDERED:  MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0303-MR

NICKIE MILLER                                                          APPELLANT

APPEAL FROM POWELL CIRCUIT COURT
v.        HONORABLE KENNETH PROFFITT, SPECIAL JUDGE
ACTION NO. 14-CR-00109

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE:  Nickie Miller appeals from the Powell Circuit

Court's decision to revoke his probation and impose a ten-year prison sentence.

Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Powell County Grand Jury indicted Miller in September of 2014 for trafficking in a controlled substance in the first degree, second offense (two or more grams of heroin); trafficking in a controlled substance in the first degree, second offense (two or more grams of methamphetamine); trafficking in a controlled substance in the first degree, second offense (less than ten dosage units of oxycodone); trafficking in a controlled substance in the second degree (less than 20 dosage units of hydrocodone); possession of drug paraphernalia; and possession of a firearm/handgun by a convicted felon. At Miller's arraignment in September of 2014, his appointed attorney indicated that Miller had been diagnosed with cancer and asked the trial court to take that into account when considering Miller's bond. The trial court ultimately released Miller on his own recognizance in October of 2014 in order to obtain medical assistance regarding his cancer diagnosis.

In March of 2015, Miller was arrested in Wolfe County for alcohol intoxication and disorderly conduct in the first degree. Thereafter, in August and September of 2015, various pre-trial conferences and hearings were continued while Miller obtained treatment. At the end of 2015, it was determined that Miller was in custody in Montgomery County. The Powell Circuit Court issued a bench

warrant, and the case was continued throughout 2016 while Miller remained in custody in Montgomery County on other charges.

On April 5, 2017, Miller appeared before the trial court to request that his bond in Powell County be changed to a surety bond, as he was able to post a property bond in Montgomery County, and that he be released to home incarceration. Miller indicated at that court appearance that he had been diagnosed with lung cancer and would again have to undergo medical treatment. The case was again continued throughout 2018, with a trial date ultimately set for April 15, 2019.

Immediately prior to the trial in April of 2019, the Commonwealth offered Miller a plea agreement in which it agreed to dismiss the trafficking in a controlled substance in the second degree charge and the possession of drug paraphernalia charge. Thereafter, on April 15, 2019, Miller pled guilty to the remaining charges. After Miller's guilty plea and before his sentencing, Miller was released on his own recognizance with the condition that his release be monitored and that he have no firearms, commit no further offenses, and consume no alcohol or illegal substances. The Commonwealth filed a motion to revoke bond arguing that Miller had violated the terms of his bond by failing to report on monitored conditional release as directed. Miller was taken back into custody on

May 8, 2019, until the sentencing. On May 22, 2019, the trial court accepted Miller's guilty plea and sentenced him to a total term of ten years' imprisonment.

Miller subsequently filed a motion for shock probation on July 5, 2019. The trial court granted Miller's motion and placed Miller on probation for a period of five years. The conditions of probation included that Miller not commit another offense, avoid injurious or vicious habits, avoid persons of disreputable or harmful character, and promptly notify his probation officer of any change of address. The trial court also imposed supplemental conditions requiring that Miller be randomly tested for alcohol and illegal drugs and remain outside of Powell, Wolfe, Breathitt, and Montgomery Counties.

On January 7, 2020, the Commonwealth moved to revoke Miller's probation. As grounds for the motion, the Commonwealth stated that Miller was seen in Powell County in violation of a supplemental condition of probation. Officer Caudill, Miller's probation officer, also filed a Violation of Supervision Report, which stated that Miller had tested positive for methamphetamine in a urine drug screen, had left the area of supervision without permission of his probation officer, and had failed to cooperate with his probation officer.

The trial court held a revocation hearing on January 22, 2020. Before taking Miller's testimony, the trial court stated that the supplemental condition requiring Miller to stay out of Powell County was unenforceable and therefore

would have no bearing on its decision regarding probation. Officer Caudill then testified on behalf of the Commonwealth, and Miller testified on his own behalf.

Officer Caudill's testimony largely mirrored the information contained in the Violation of Supervision Report. He also testified that Miller rescheduled their initial meeting several times and that he was unable to drug test Miller during their first meeting. Miller was given a urine drug test two weeks later which resulted in the positive test for methamphetamine. The test also showed that the urine sample was diluted, an indication that Miller had attempted to alter the test.

In his testimony, Miller did not dispute the violation for methamphetamine use. He testified that he used methamphetamine on multiple occasions and would have tested positive if he had been drug tested during his first meeting with Officer Caudill. Miller also admitted to associating with other drug users and living at numerous places without notifying his probation officer.

At the conclusion of the hearing, the trial court revoked Miller's probation. Specifically, the trial court stated:

> I hereby find by a preponderance of the evidence that the defendant has violated the conditions of his probation by using drugs. . . . His testimony was that he's used I guess meth on a number of occasions since he's been shock probated.
>
> . . . .

If you take this just in terms of the initial one test, but you take his testimony that he would have tested positive earlier, you take his testimony that he was using on a recurring basis since being released . . . you take the original seriousness of his charges and you take the fact that it appears he's been unable to be managed on probation in the past, I find that probation should be revoked.

. . . .

I find based upon my explanation earlier that he is a significant risk to the community by his constant use of drugs and that by his actions in this case it appears that he cannot be appropriately managed in the community.

The trial court also listed Miller's extensive criminal history—including theft by unlawful taking, DUI, probation violations, burglary, drug trafficking, and weapons charges—as a basis for its decision.

The trial court subsequently entered a written order of probation revocation in February of 2020. The order stated:

That the Defendant violated the terms of his probation by admitting to repetitive use of methamphetamine, associating with other convicted felons and failing to abide by the directives of Probation and Parole.

. . . .

That the Defendant violated his probation pursuant to KRS[1] 439.3106(1) in that Defendant's failure to comply with the conditions of supervision constitutes a significant risk to the community at large and cannot be appropriately managed in the community.

---

[1] Kentucky Revised Statutes.

-6-

The Court has granted the Defendant shock probation and attempted community supervision through Probation and Parole.

That the Defendant is therefore a risk to himself and/or others in the community at large.

The Court has considered the Defendant's criminal record, risk of future criminal behavior and behavior during community supervision.

The trial court imposed Miller's original sentence of ten years' imprisonment, and this appeal followed.

## ANALYSIS

A trial court has discretion in probation revocation matters but must exercise its discretion "consistent with statutory criteria." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). Specifically, before revoking probation a trial court must make two findings under KRS 439.3106(1): (1) whether the alleged probation violation "constitutes a significant risk to prior victims of the supervised individual or the community at large" and (2) whether the defendant "cannot be appropriately managed in the community[.]"

A trial court is not required to provide explanations for the statutory findings; instead, it must only make the findings, which must be "supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). Further:

> KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions. . . . The elective language of the statute as a whole creates an alternative employed and imposed at the discretion of the trial court—discretion the Supreme Court insisted the trial court retained in light of the new statute. Nothing in the statute or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation.

*Id*. at 732 (emphasis in original) (citation omitted).

We review a trial court's revocation decision for abuse of discretion. *Andrews*, 448 S.W.3d at 780. An abuse of discretion occurs when a trial court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Miller argues on appeal that there was no evidence to support the court's findings that he could not be managed in the community and that he was a significant risk to the community at large. We are therefore tasked with determining whether the trial court's findings under KRS 439.3106 were supported by the record. While on shock probation, Miller testified that he repeatedly used drugs, and evidence from his probation officer indicated that he attempted to alter one of his drug tests. "These facts constituted substantial support for the conclusion that a person who would go to such lengths to continue using a substance he was forbidden to use under penalty of [ten] years in prison posed a

significant risk to, and was unmanageable within, the community in which he lived." *McClure*, 457 S.W.3d at 733. Moreover, Miller had a lengthy criminal record spanning many years, including numerous probation violations, which supported the trial court's conclusion that he could not be managed within the community. Finally, as previously discussed, KRS 439.3106 does not require the trial court to impose a lesser sanction on Miller. *See id.* at 732. In short, the record supports the trial court's decision.

## CONCLUSION

For the foregoing reasons, the Powell Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky