RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0359-MR

DE'QUON SMITH                                                                          APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 19-CR-01227

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2019, Appellant, De'Quon Smith (Smith), was indicted in

Kenton County, Kentucky, on one count of first-degree trafficking in a controlled

substance, Fentanyl, with a firearm; one count of trafficking in a controlled

substance, marijuana, with a firearm; possession of handgun by a convicted felon;

and for being a second-degree persistent felony offender (PFO-2). On August 24,

2020, Smith pled guilty to two counts of prohibited acts relating to a controlled

substance, and to the PFO-2 charge.  The Kenton Circuit Court sentenced Smith to serve a total of 15 years' incarceration, probated for five years.  The terms of probation, *inter alia*, also required Smith to serve 180 days in the Kenton County Detention Center with credit for time served; obey standard rules and regulations of the Probation and Parole Department pursuant to KRS[1] 439.553; be subjected to a system of graduated sanctions to be imposed by the Probation and Parole department; and to commit no criminal act.

Smith violated the terms of his probation on several occasions, involving violence or threats of violence.  The Commonwealth unsuccessfully sought to revoke probation.  However, after it became clear that Smith absconded from supervision and was a threat to the community, the court revoked his probation.  He was sentenced to serve 15 years' incarceration, with credit for time served.  Smith now appeals to this Court as a matter of right.  He raises the following issues on appeal:  1) the Commonwealth failed to prove a willful probation violation for absconding by a preponderance of the evidence; 2) the circuit court abused its discretion when it failed to apply KRS 439.3106; and 3) that the sentence imposed was illegal.

---

[1]  Kentucky Revised Statutes.

## STANDARD OF REVIEW

"Revocation of probation does not require proof beyond a reasonable doubt. The Commonwealth's burden is to prove by a preponderance of the evidence that the defendant violated the conditions of his or her probation." *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. App. 2015) (citation omitted). We review probation revocation determinations for an abuse of discretion. *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015). An abuse of discretion occurs when the trial court's decision in "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

A revocation hearing was conducted on February 21, 2022. Ohio Probation and Parole Officer Kristin Abbott testified at length about her supervision of Smith after his probation was transferred from Kentucky to Ohio. Due to his misconduct while on probation, Officer Abbott informed Smith over the telephone that "he needed to turn himself in." Smith replied that he needed to speak with his lawyer first and "they would have to catch [him] on the streets." Smith then hung up on Officer Abbott. Thereafter, Smith never reported or

contacted her, and it appears that she was unable to supervise him any further.[2]

Therefore, we conclude that there was a preponderance of evidence that Smith

absconded from supervision, as determined by the circuit court in its revocation

order. We now turn to KRS 439.3106(1), which:

> requires trial courts to consider whether a probationer's
> failure to abide by a condition of supervision constitutes
> a significant risk to prior victims or the community at
> large, and whether the probationer cannot be managed in
> the community before probation may be revoked.

*Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "Neither KRS

439.3106 nor *Andrews* require anything more than a finding to this effect

supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d

728, 733 (Ky. App. 2015).

First, the circuit court's revocation order indicates that KRS

439.3106(1) was satisfied here. Second, there was significant evidence of record

supporting the court's findings. For example, Officer Abbott testified that Smith

choked his girlfriend, Mariah Stone, at a taco shop, and threatened an employee

there. The shop's surveillance video was played at the revocation hearing

depicting the incident. At the conclusion of the revocation hearing, the judge

orally ruled that Smith's actions on the video were completely unacceptable in

---

[2] The record also indicates that on a prior occasion while on probation, Smith traveled to Georgia without permission and failed to report to his probation officer.

society, and that Smith could not be adequately supervised in the community. Abbott also testified concerning additional allegations of criminal conduct alleged against Smith, and that there were previous warrants out for his arrest for assault and criminal damaging.  Based on the foregoing, we conclude that the circuit court properly considered KRS 439.3106.

Lastly, in support of his argument that his sentence was illegal, Smith relies on *Moreland v. Commonwealth*, No. 2021-CA-0621-MR, 2022 WL 1051762, at *1-3 (Ky. App. Apr. 8, 2022), *discretionary review granted*  (Sep. 14, 2022).  The present case is distinguishable from *Moreland* because the sentence at issue here is permitted under KRS 533.010.  In sum, we cannot conclude that the circuit court abused its discretion by revoking Smith's probation, or that his sentence was illegal.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we AFFIRM the Kenton Circuit Court's Order Revoking Probation entered on March 1, 2022.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Chase A. Cox
Covington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky