RENDERED: SEPTEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0546-MR

LISA PAYTON                                                  APPELLANT

v.

APPEAL FROM CARROLL CIRCUIT COURT
HONORABLE R. LESLIE KNIGHT, JUDGE
ACTION NO. 22-CR-00099

COMMONWEALTH OF KENTUCKY                      APPELLEE

AND

NO. 2023-CA-0548-MR

LISA PAYTON                                                  APPELLANT

v.

APPEAL FROM CARROLL CIRCUIT COURT
HONORABLE R. LESLIE KNIGHT, JUDGE
ACTION NO. 22-CR-00180

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

**\*\* \*\* \*\* \*\* \*\***

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Lisa Payton (Payton) appeals from an April 26, 2023, order of the Carroll Circuit Court revoking her probation and sentencing her to ten-years' imprisonment. We affirm.

On February 23, 2022, Payton was arrested for theft by unlawful taking, over $1,000, (Kentucky Revised Statute (KRS) 514.030) and disorderly conduct (KRS 525.060).[1] After being released on her own recognizance, Payton was indicted on April 18, 2022, by a Carroll County grand jury for theft by unlawful taking, over $1,000, and being a second-degree persistent felony offender (KRS 532.080). Subsequently, Payton was arrested again for violating the conditions of her conditional release by incurring new criminal charges and being in contempt of court. Thereafter, on July 16, 2022, Payton was released from jail on a $5,000 cash bond. However, Payton failed to appear for a court hearing in August of 2022, and the trial court issued a bench warrant for her arrest.

On September 22, 2022, the Commonwealth filed a motion to revoke Payton's bond. The trial court granted the motion and ordered the $5,000 bond

---

[1] Lisa Payton's first indictment was in Case No. 2022-CR-00099.

forfeited. On September 26, 2022, Payton was then indicted again for first-degree bail jumping (KRS 520.070) and being a second-degree persistent felony offender.[2]

On January 9, 2023, the Commonwealth made an offer to Payton for both cases, recommending Payton serve five years for the theft charge and five years for the bail-jumping charge with the sentences to run consecutively for a total of ten-years' imprisonment.[3] Payton accepted the offer and agreed to plead guilty in both cases. On January 9, 2023, the trial court accepted Payton's guilty plea in open court and sentenced her in accordance with the plea agreement while probating Payton's sentence for five years.

Due to her substance addiction, Payton requested inpatient treatment as a condition of her probation. The trial court granted Payton's request and ordered that she complete treatment at Addiction Recovery Care (ARC). On January 15, 2023, Payton was transported to ARC; however, Payton voluntarily left ARC the same day without contacting her probation officer. Accordingly, the Division of Probation and Parole immediately filed a violation of supervision report for absconding. On January 18, 2023, Payton was arrested on the probation violation warrant. The Commonwealth then moved to revoke Payton's probation

---

[2] Case No. 2022-CR-00180.

[3] The Commonwealth agreed to dismissal of both persistent felony offender counts in exchange for the plea.

for failing to complete her substance abuse treatment and for refusing to submit to a drug test.

On April 17, 2023, the trial court held a probation revocation hearing. Payton admitted to violating her probation by failing to complete substance abuse treatment, absconding, and refusing to submit to a drug test. (Video Record (VR) 4/17/23 at 11:03:48). Payton asked the trial court for a second chance at the rehabilitation center, which the trial court denied. The trial court determined that Payton could not be managed in the community and that she was not an appropriate candidate for community supervision. The trial court also determined that Payton was a significant risk to the community. The court revoked Payton's probation in both cases and sentenced her to serve ten-years' imprisonment. This appeal follows.

This Court reviews a trial court's decision to revoke probation for an abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Payton alleges that the trial court erred when it revoked her probation because the court only recited the requirements of Kentucky Revised Statutes (KRS) 439.3106(1) and there was no evidence that demonstrated she was a

"significant risk to her prior victims or the community." KRS 439.3106(1); Payton's Brief at 7. Payton asserts that her abscondence, failure to complete her rehabilitation program, and refusing to complete a drug test are insufficient reasons to revoke her probation under KRS 439.3106(1). Furthermore, Payton contends that the trial court should have issued a graduated sanction instead of revoking her probation. Payton's Brief at 9.

> Under KRS 439.3106(1), individuals on probation are subject to:
>
> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106. KRS 439.3107 provides that the Department of Corrections (DOC) shall institute certain graduated sanctions for the most common types of supervision violations as opposed to incarceration. KRS 439.3107(1). If the DOC determines that graduated sanctions are improper or inapplicable, then the matter is given to the trial court. *Andrews*, 448 S.W.3d at 778.

In *Andrews*, the Kentucky Supreme Court held that KRS 439.3106(1) mandates a trial court to determine "whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked," after the DOC has determined not to grant graduated sanctions. *Id*. at 780. The *Andrews* Court also clarified that probation officers may consider graduated sanctions for minor probation violations, but that "[c]ertain violations, such as absconding or receiving a new felony conviction, require the probation officer to submit the matter to the trial court without the possibility of imposing graduated sanctions." *Id*. at 778 (footnote omitted).

In *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015), this Court stated that trial courts merely regurgitating the statutory language of KRS 439.3106 was not enough to revoke probation, and that "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Kendrick v. Commonwealth*, 664 S.W.3d 731, 735 (Ky. App. 2023). However, a trial court does not need to make "detailed explanations for the findings required by KRS 439.3106." *Id*. at 735. While KRS 439.3106(1) requires a trial court to find the probationer is a "significant risk" to either a specific victim

or the community at large, making that finding does not require the probationer to commit "some heinous act" before she can be found a risk. *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015).

Here, the trial court considered KRS 439.3106(1) before revoking Payton's probation and sufficient evidence existed to support the court's conclusion. Payton's probation was conditioned on her completing rehabilitation treatment, checking in with her probation supervisor, and completing drug testing. The record indicates that Payton entered the rehabilitation facility only to leave the same day without giving her probation officer a forwarding address and without discussing outpatient treatments. Furthermore, after Payton was subsequently arrested, she refused to submit to a drug test. At the probation revocation hearing held on April 17, 2023, Payton admitted to violating her probation by failing to complete her inpatient substance abuse treatment, absconding, and refusing to submit to a drug test. The trial court also made an oral finding that Payton left the rehabilitation facility without even attempting to complete her program. The record indicates that Payton had multiple instances of non-compliance with the conditions of her probation and, thus, the trial court had sufficient evidence to determine Payton was a risk to the community. Therefore, the trial court did not err when it determined Payton was a significant risk to the community at large and could not be managed in society.

Finally, Payton contends that the trial court was required to impose graduated sanctions first before revoking her probation. Payton's Brief at 9. However, Payton absconded by failing to appear in court in August of 2022, (Action No. 2022-CR-00099) and by departing the rehabilitation facility on January 15, 2023 (Action No. 2022-CR-00180) after being sentenced. She also absconded from the supervision of her probation officer and failed to take a required drug test. As noted previously, the statutes directed the DOC to adopt a system of graduated sanctions for supervision violations by defendants on probation. Defendants are not eligible for graduated sanctions from DOC for violations such as absconding or receiving a new felony conviction. *See Andrews*, 448 S.W.3d at 778. In those instances, the probation officer is required to bring the matter before the trial court. *Id.*

However, KRS 439.3106 does not require a trial court to impose graduated sanctions before revoking probation; incarceration is still an option for the trial court. *McClure*, 457 S.W.3d at 732. "The elective language of [KRS 439.3106] as a whole creates an alternative employed and imposed at the discretion of the trial court." *Id.* The trial court reminded Payton that it had already granted her a chance at treatment through her probation, which Payton violated. VR 4/17/23 at 11:06:55. Payton had previously been afforded a graduated sanction

-8-

other than incarceration, to no avail. Thus, the trial court did not abuse its discretion in declining to impose a graduated sanction as Payton contends.

Based upon our review of the record below, including the video of the revocation hearing, the trial court made sufficient oral and written findings to support its decision to revoke Payton's probation. There being sufficient evidence in the record to support these findings, no abuse of discretion occurred. *Commonwealth v .Gilmore*, 587 S.W.3d 627, 630-31 (Ky. 2019).

For the foregoing reasons, the Order Revoking Probation entered April 26, 2023, by the Carroll Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky