RENDERED: JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0223-MR

PHILIP R. COLDIRON                                                      APPELLANT

v.

APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 19-CR-00086

COMMONWEALTH OF KENTUCKY                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE: Appellant, Philip Coldiron, appeals from an Order of the Boyd Circuit Court revoking his probation. After our review, we affirm.

On February 5, 2019, a Boyd County Grand Jury indicted Coldiron on five counts each of theft by unlawful taking (greater than $500 but less than $10,000); second-degree forgery; and theft of identity of another.

Coldiron subsequently entered a guilty plea. By judgment entered on September 30, 2019, the trial court sentenced Coldiron to five (5) years on each

count -- to run concurrently for a total of five (5) years; to 100 days to serve with the balance probated for five (5) years supervised; and to pay restitution in the amount of $4,930.00 through the clerk's office. On September 30, 2019, the trial court also entered an Order of Probation and entered a Payment Order directing the clerk of the Boyd Circuit Court to pay over all sums received to the victim, Pilot Flying J. It also ordered that restitution was to be paid at the rate of $250.00 per month beginning 30 days after Defendant's release from incarceration.

On February 8, 2023, a probation and parole officer filed a Violation of Supervision Report in the Boyd Circuit Court and recommended revocation due to Coldiron's receiving a new felony conviction on January 17, 2023.

The trial court conducted a final revocation hearing on January 10, 2024. Officer Mark Bryant of the Division of Probation and Parole testified. Officer Bryant testified that Coldiron was currently on probation in two different cases -- the Boyd County case and another in Scott County. Officer Bryant further testified that with respect to the Boyd County case before us, Coldiron had violated the terms of his probation. On January 17, 2023, Coldiron received a new felony conviction in Butler County, Ohio. Officer Bryant testified that he was asking that Coldiron's Boyd County probation be revoked. He was not aware that any restitution payments had been made by Coldiron, and no payments appeared in their system.

On January 17, 2024, the trial court entered an Order revoking Coldiron's probation as follows in relevant part:

> On September 30, 2019, the Defendant . . . was sentenced . . . for a total of five (5) years, to serve one hundred days with the balance probated for a period of five (5) years. He was also required to pay restitution in the sum of $4,930.00 at the rate of $250.00 a month. He has made no payments since entry of the Judgment. On January 17, 2023, he was convicted of a new felony in Butler County, Ohio for Theft by Deception while on probation in this County. Additionally, in June of 2020, he was convicted of Theft by Deception and Theft of Identity of Another in Scott County, Kentucky.
>
> Since the entry of the Judgment in this matter, Defendant has failed to make any payment toward the restitution as was Ordered. Further, he has been convicted of two additional crimes while on probation in this matter. **These facts indicate that he cannot be properly managed in the community as he does not comply with the terms and directions of the Judgment which placed him on probation originally.** There is no indication that he has completed the substance abuse program which was also required of him. **Further, his continued criminal activity makes him a danger to the community as a whole**. . . . [H]e has continued to engage of crimes of theft, including repeatedly theft of identity or by deception.

(Emphases added.)

Coldiron appeals. We are mindful of the statutory criteria of KRS[1] 439.3106(1)(a) with regard to revocation of probation. We are governed in our review by the standard of abuse of discretion.

> We review a trial court's probation revocation decision under the deferential abuse of discretion standard. *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015). A decision is an abuse of discretion if it is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citations omitted). In short, "we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *Id.*
>
> Kentucky Revised Statute (KRS) 439.3106(1)(a) requires a court to make two findings before revoking probation: 1) the supervised individual must be "a significant risk to prior victims . . . or the community at large"; and 2) the supervised individual "cannot be appropriately managed in the community[.]" A court must make both findings before revoking probation but retains the discretion to choose whether to revoke probation or impose lesser sanctions. *McClure*, 457 S.W.3d at 732; *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014).

*Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023).

Coldiron argues that the trial court abused its discretion in revoking his probation. He contends that the trial court failed to make sufficient findings and failed to sufficiently explain its reasoning. Coldiron relies upon this Court's

---

[1] Kentucky Revised Statutes.

language in *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015) --

that "perfunctorily reciting the statutory language in KRS 439.3106 is not enough."

However, as we explained in *Kendrick*, *supra*, that statement is often

misconstrued:

> Kendrick relies on our often misconstrued statement in another published case that "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). Perhaps our language about perfunctory recitations was imprecise, but *Helms* does not afford Kendrick relief.
>
> In *Helms*, . . . there was "**a complete lack of evidence**" that Helms was "a danger to a prior victim or to the community and he cannot be appropriately managed in the community . . . ." *Id.* We stressed the insufficient evidence, notwithstanding the trial court's perfunctory regurgitation of the findings required by KRS 439.3106[.]
>
> . . .
>
> In other words, we cannot affirm the revocation of probation simply because the revocation order contains the requisite statutory findings. A revocation unsupported by evidence of record would not be "within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure*, 457 S.W.3d at 730. Instead, we may affirm a decision to revoke probation only if: a) the court made the required findings, *and* b) those findings are supported by the record. **We emphatically reiterate that *Helms* does not mean that a court must provide detailed explanations for the findings required by KRS 439.3106**.

*Kendrick*, 664 S.W.3d at 735 (emphases added).

In the case before us, the trial court made the requisite statutory findings, and those findings are supported by the record. That process was sufficient. We agree with the Commonwealth that the trial court was not required to consider a lesser sanction -- as Coldiron contends. "KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions[.]" *McClure, supra*, at 732.

> *McClure* aptly held:
>
> While KRS 439.3106(1) indubitably requires entry of two vital findings of fact, it does not do so at the expense of the trial court's discretion over the broader matter of revocation. Accordingly, the importance of certain facts is not ours to weigh on appeal, but is properly left to the *trial court's exclusive discretion. Our proper role is* merely to evaluate the sufficiency of the evidence and whether an abuse of the trial court's discretion occurred.

*Id.* at 734 (citation omitted). We have evaluated the sufficiency of the evidence in our review of the record, and we conclude that the trial court did not abuse its discretion in revoking Coldiron's probation.

Therefore, we affirm the Order of the Boyd Circuit Court entered on January 17, 2024, revoking Coldiron's probation.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky