RENDERED:  MARCH 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0529-MR

DANIEL A. CRESS                                                    APPELLANT

v.      APPEAL FROM KENTON CIRCUIT COURT
        HONORABLE MARY K. MOLLOY, JUDGE
        ACTION NO. 21-CR-00732

COMMONWEALTH OF KENTUCKY                                            APPELLEE

AND

NO. 2024-CA-0530-MR

DANIEL A. CRESS                                                    APPELLANT

v.      APPEAL FROM KENTON CIRCUIT COURT
        HONORABLE MARY K. MOLLOY, JUDGE
        ACTION NO. 21-CR-00752

COMMONWEALTH OF KENTUCKY                                            APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

JONES, L., JUDGE: Daniel A. Cress brings Appeal No. 2024-CA-0529-MR from an April 4, 2024 Order Revoking Probation and brings Appeal No. 2024-CA-0530-MR from an April 3, 2024 Order Revoking Probation both entered in the Kenton Circuit Court in Case Nos. 21-CR-00732 and 21-CR-00752, respectively.[1]  We affirm both appeals.

On June 10, 2021, Cress was indicted by a Kenton County Grand Jury, Case No. 21-CR-00732, upon one count of first-degree wanton endangerment, one count of first-degree criminal mischief, and one count of operating a motor vehicle under the influence (DUI), first offense.  The charges arose from an accident caused by Cress, who was driving under the influence, and struck two other vehicles.  Cress was later indicted by a Kenton County Grand Jury, Case No. 21-CR-00752, upon the charges of first-degree fleeing and evading and first-degree wanton endangerment.  These charges originated from a separate incident involving Cress driving erratically on Interstate 75.  When officers

---

[1] Appeal No. 2024-CA-0529-MR and Appeal No. 2024-CA-0530-MR were consolidated by Order of this Court entered July 19, 2024.

attempted to stop Cress, a chase ensued. Officers eventually discontinued the pursuit, but Cress was later located and arrested.

Pursuant to a plea agreement with the Commonwealth, Cress pleaded guilty to one count each of first-degree wanton endangerment, first-degree criminal mischief, and operating a motor vehicle under the influence in Case No. 21-CR-00732. The Commonwealth recommended a total combined sentence of three-years' imprisonment. However, by Final Judgment entered February 15, 2023, the trial court sentenced Cress as follows: five-years' imprisonment upon the first-degree wanton endangerment charge, probated for five years; five-years' imprisonment upon the first-degree criminal mischief charge, probated for five years; and thirty days, conditionally discharged for two years, on the DUI charge. The three counts were to run concurrently to one another for a total sentence of five-years' imprisonment, rather than the three years recommended by the Commonwealth. The five-year sentence of imprisonment was probated for a period of five years. The five-year sentence in Case No. 21-CR-00732 was ordered to run consecutively to any sentence Cress would receive in Case No. 21-CR-00752.

Also pursuant to a plea agreement with the Commonwealth, Cress pleaded guilty, in Case No. 21-CR-00752, to first-degree fleeing and evading and first-degree wanton endangerment. The Commonwealth recommended a total

combined sentence of two-years' imprisonment. However, by Final Judgment entered February 15, 2023, the trial court sentenced Cress to three-years' imprisonment upon each of the two counts to run concurrently for a total of three-years' imprisonment. The three-year sentence was probated for a period of three years. The three-year sentence in Case No. 21-CR-00752 was ordered to run consecutively with the five-year sentence received in Case No. 21-CR-00732 for a total sentence of eight-years' imprisonment.

On May 23, 2023, an Affidavit for Violation of Supervised Release was filed. The affiant, a Probation and Parole Officer, averred that Cress had failed to report. The officer also visited Cress's last reported addresses and the occupants at both addresses denied that Cress was staying there. Cress had also been charged in Boone County with operating on a suspended or revoked license, second-degree fleeing and evading, and a misdemeanor charge. On June 27, 2023, another Affidavit for Violation of Supervised Release was filed following Cress's new felony charges in Boone County.

On September 11, 2023, Cress appeared before the trial court in Kenton County on the Commonwealth's motions to revoke his probation. Cress stipulated to the probation violations and requested an evaluation for Mental Health Court (MHC). On September 14, 2023, the trial court entered Orders Modifying Probation in Case Nos. 21-CR-00732 and 21-CR-00752 to permit Cress

to participate in the MHC program, which he did. Then, on February 14, 2024, an Affidavit for Violation of Mental Health Court was filed by a MHC administrator. Therein, it was averred that Cress: failed to meet with his case manager on November 20, 2023; did not respond to multiple attempts by the case manager to contact him; failed to appear for the MHC docket on November 28, 2023; and was arrested on December 19, 2023, on a failure-to-appear warrant from Boone County in his pending felony case.

The MHC team met with Cress at the jail and informed Cress that if wished to stay in MHC, he would not be permitted to have any contact with his girlfriend as she was a convicted felon on probation. Cress was also required to maintain employment, move into sober living, reenroll in an Intensive Outpatient Program, and attend at least three meetings weekly. Cress agreed to the terms; however, he did not abide by them. As soon as the case manager left the jail, Cress began contacting his girlfriend and requesting that she visit him in jail. At the next MHC docket, the case manager again reminded Cress he could not contact his girlfriend. However, later the same day, the case manager learned Cress was using another inmate's phone to send messages to his girlfriend. Cress and his girlfriend remained in constant contact and made plans for her to visit him at the jail under another name and to take out a loan to bond Cress out of jail. A Notice to Terminate Mental Health Court was entered on February 13, 2024. The trial court

conducted an evidentiary hearing.  Then, by Orders Revoking Probation entered April 3, 2024, (Case No. 21-CR-00752) and April 4, 2024, (21-CR-00732), the trial court found that Cress had violated the conditions of his probation by (1) failing to complete MHC and (2) receiving a new felony charge.  The trial court the revoked Cress's probation and imposed the total sentence of eight-years' imprisonment.  This appeal follows.

Cress contends the trial court abused its discretion by determining he "was a danger to the community and could not be managed in the community based upon the violations of his probation before the court."  Cress's Brief at 8. More particularly, Cress asserts that, although he did have a new felony conviction in Boone County, those charges were the reason his probation was modified to include completion of the MHC program.  Therefore, Cress asserts the conviction on those same charges could not serve as the basis for the revocation of his probation and that his failure to cut ties with his girlfriend was an insufficient basis for revoking probation.  Cress also asserts there was insufficient evidence to support those findings.

We begin by noting that review of a trial court's decision to revoke probation is for an abuse of discretion. *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015).  Pursuant to an abuse of discretion standard, the trial court's ruling will not be disturbed unless "the trial judge's decision was arbitrary,

unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). And in a probation revocation, "we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure*, 457 S.W. 3d at 730 (citation omitted). Our review will procced accordingly.

The statute governing probation revocation is KRS[2] 439.3106, which provides, in relevant part, as follows:

> (1) Supervised individuals shall be subject to:
>
>> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>>
>> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

---

[2] Kentucky Revised Statutes.

In the case *sub judice*, the trial court expressly stated its finding in the April 3, 2024 and April 4, 2024 Orders Revoking Probation: (1) Cress failed to comply with the conditions of his supervision and such failure constituted a significant risk to the community at large, and (2) Cress could not be appropriately managed in the community. At the evidentiary hearing on the motions to revoke probation, the trial court specifically found that Cress had violated the conditions of his probation when he (1) failed to report to Probation and Parole; (2) received new felony charges in Boone County; (3) failed to complete MHC after being terminated for failing to meet with, respond to, or appear for MHC; and (4) was convicted of the felony charges in Boone County. The trial court also noted that following Cress's earlier probation violations, it granted him the opportunity to participate in MHC rather than revoke his probation. Cress also acknowledged that he had not cut ties with his girlfriend, who is a convicted felon, as directed by MHC. Cress even stipulated to the probation violations. The trial court made the findings required by KRS 439.3106, and those findings were supported by substantial evidence. As the trial court's decision was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles, we simply do not believe the trial court abused its discretion when it revoked Cress's probation and sentenced him to eight-years' imprisonment.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we affirm the April 4, 2024 Order Revoking Probation in Appeal No. 2024-CA-0529-MR and also affirm the April 3, 2024 Order Revoking Probation in Appeal No. 2024-CA-0530-MR.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Sarah D. Dailey
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky