RENDERED: JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0427-MR

JASON NIKOLOV                                                                 APPELLANT

APPEAL FROM BOYD CIRCUIT COURT
v.        HONORABLE JOHN F. VINCENT, JUDGE
ACTION NOS. 18-CR-00594, 19-CR-00539, AND 21-CR-00334

COMMONWEALTH OF KENTUCKY                                        APPELLEE

AND

NO. 2022-CA-1384-MR

JASON NIKOLOV                                                                 APPELLANT

APPEAL FROM BOYD CIRCUIT COURT
v.        HONORABLE JOHN F. VINCENT, JUDGE
ACTION NOS. 18-CR-00594 AND 19-CR-00539

COMMONWEALTH OF KENTUCKY                                        APPELLEE

** ** ** ** **

BEFORE:  LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Jason Nikolov brings Appeal No. 2022-CA-0427-MR from an April 6, 2022, Order of the Boyd Circuit Court revoking Nikolov's probation in Action Nos. 18-CR-00594, 19-CR-00539, and 21-CR-00334.  Nikolov also brings Appeal No. 2022-CA-1384-MR from an October 31, 2022, Order of the Boyd Circuit Court denying Nikolov's motion to vacate pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42.  We affirm both appeals.

On April 18, 2019, Nikolov was convicted of first-degree promoting contraband in Action No. 18-CR-00594.  The circuit court sentenced Nikolov to five-years' imprisonment, probated for a period of five years.  Subsequently, Nikolov was convicted of first-degree fleeing/evading police in a motor vehicle, first-degree wanton endangerment, and third-degree assault on a police/probation officer in Action No. 19-CR-00539.  The circuit court sentenced Nikolov to five-years' imprisonment, with one year to serve and the remainder of the sentence probated for a period of five years.  As a condition of probation, Nikolov was to complete an in-patient substance abuse treatment program.  The circuit court also ordered Nikolov's sentences of imprisonment in Action No. 18-CR-00594 and Action No. 19-CR-00539 to run consecutively.  Finally, on September 30, 2021,

Nikolov was convicted of failure to register a transfer of a motor vehicle, operating a motor vehicle with a suspended/revoked operator's license, theft of identity of another without consent, and failure to maintain motor vehicle insurance in No. 21-CR-00334.  The circuit court sentenced Nikolov to twelve months, probated for two years.

Probation and Parole Officer Jordon Jobe filed a Violation of Supervision Report on January 25, 2022.[1]  Therein, Jobe sought revocation of Nikolov's probation based upon:  (1) failure of Nikolov to complete treatment for substance abuse, (2) failure of Nikolov to report to probation and parole on December 15, 2021, (3) absconding from supervision by failure of Nikolov to report to probation and parole as directed on January 21, 2022, and (4) failure to pay supervision, alcohol, and drug testing fees.

The circuit court conducted an evidentiary hearing.  By Order entered April 6, 2022, the circuit court ordered Nikolov's probation revoked in Action Nos. 18-CR-00594, 19-CR-00539, and 21-CR-00334.  The circuit court then sentenced Nikolov to serve a total of ten-years' imprisonment.

Nikolov filed a direct appeal (No. 2022-CA-0427-MR) to the Court of Appeals from the April 6, 2022, Order.

_____

[1] Jason Nikolov was cited for probation violations on at least four occasions.

On July 25, 2022, Nikolov filed a motion in circuit court to vacate the final judgment pursuant to RCr 11.42, claiming that he received ineffective assistance of counsel during his probation revocation proceeding. The circuit court conducted an evidentiary hearing on October 27, 2022. Thereafter, the circuit court denied the motion to vacate by order entered October 31, 2022. Nikolov then filed an appeal (No. 2022-CA-1384-MR) from the October 31, 2022, Order denying his RCr 11.42 motion. Given the parties are the same and the issues intertwined, we have elected to consider these appeals together. We shall first address Appeal No. 2022-CA-0427-MR and then Appeal No. 2022-CA-1384-MR.

## Appeal No. 2022-CA-0427-MR

Nikolov contends that the circuit court improperly revoked his probation. Nikolov asserts that the circuit court failed to follow Kentucky Revised Statutes (KRS) 439.3106 and make the required finding that Nikolov's failure to follow the terms of his probation poses a significant risk to the community. Instead, Nikolov points out that the circuit court merely found that he was a danger to the community rather than the "statutory language of significant risk." Nikolov's Brief at 7. Nikolov maintains that the circuit court's failure to particularly find that he posed a significant risk to the community constitutes reversible error as such finding is mandatory.

-4-

In revoking Nikolov's probation, the circuit court found in relevant part:

> This record is replete with violations of the Defendant in this matter. After being sentence[d] in 18-CR-[00594], he was convicted of an additional crime. After being sentenced in 19-CR-[00539] he had been sentenced of an additional crime. It is clear from the four counts of absconding and the repeated failure to complete inpatient treatment as ordered in the original 2018 case in this matter that Mr. Nikolov is not capable of being managed appropriately in the community. He will not comply with the Orders of the Division of Probation and Parole and their recommendation is well warranted. Further, the Court finds that Mr. Nikolov is a danger to the community. As noted above, each time he was released on probation in the first two cases he was convicted of more crimes. His criminal activity has continued. The Court has tried to use graduated punishment, including jail time for contempt, to no avail.

April 6, 2022, Order at 4.

To revoke probation, it is well established that the circuit court is statutorily mandated by KRS 439.3106(1) to make two findings – the probationer's failure to follow the terms of his supervision constitutes a significant risk to prior victims or to the community and the probationer cannot be managed in the community. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). From the April 6, 2022, Order set forth above, it is clear that the circuit court found Nikolov to be a danger to the community mainly due to his criminal recidivism. It is also evident that the circuit court did not use the particular words "significant

risk" to the community, but instead found that Nikolov was a danger to the community. Based upon *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015), we conclude that the circuit court's finding that Nikolov was a danger to the community to be sufficient to comply with the mandates of KRS 439.3106(1).

In *McClure*, 475 S.W.3d 728, the circuit court revoked appellant's probation and found that appellant was a danger to the community. Appellant argued, *inter alia*, that the circuit court failed to find that he posed a significant risk to the community as required by KRS 439.3106(1) and *Andrews*, 448 S.W.3d 773. The Court of Appeals rejected the argument:

> [W]e disagree with [appellant's] assertion that the trial court simply failed to make a finding as to "significant risk." On the written order revoking [appellant's] probation, the trial court found that [appellant] was a "danger to [the] public" based on his attempt to alter the results of a drug screen. In addition, the trial court's statements at the conclusion of the hearing further demonstrated that the court considered the gravity of [appellant's] actions and the danger posed by his obvious addiction. This was sufficient.

*McClure*, 457 S.W.3d at 733.

As in *McClure*, 475 S.W.3d 728, the circuit court made a written finding that Nikolov's posed a danger to the community. The circuit court was particularly concerned about Nikolov's repeated criminal behavior while on probation and his inability to successfully receive treatment for his drug addiction. Relying on *McClure*, 475 S.W.3d 728, we are of the opinion that the circuit court's

finding that Nikolov was a danger to the community was sufficient to revoke probation per KRS 439.3106(1).

Nikolov also asserts that there is insufficient evidence to support the circuit court's finding that Nikolov is a danger to the community. Nikolov argues that the circuit court cannot consider his past criminal behavior because the court previously examined such past criminal behavior and decided to place him on probation. And, Nikolov maintains that "even if the [circuit] court were correct that absconding and failure to complete drug treatment make it impossible to manage Mr. Nikolov in the community, those allegations would not support a finding that Mr. Nikolov presented a significant risk to prior victims or to the community." Nikolov's Brief at 10.

The circuit court's decision to revoke probation is reviewed for abuse of discretion. *McClure*, 457 S.W.3d at 730. An abuse of discretion occurs if the ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* at 730.

In this case, the record contains sufficient evidence to support the circuit court's decision to revoke Nikolov's probation for being a danger or significant risk to the public. The record contains evidence that Nikolov continued to abuse drugs, failed to meet with his probation officer, and failed to follow the instructions of his probation officer. *See Compise v. Commonwealth*, 597 S.W.3d

-7-

175, 182 (Ky. App. 2020) (recognizing that "a defendant who will not cooperate with the conditions of her supervision may indeed constitute a significant risk to the community at large and be unmanageable in the community.") Additionally, Nikolov's recidivism is evidence of his ongoing struggles with drug abuse and may be considered by the circuit court. And, as the circuit court noted, the court utilized graduated punishment, including jail time for contempt for past violations without success. Based upon the record before this Court, we are unable to conclude that the circuit court abused its discretion by revoking Nikolov's probation.

### Appeal No. 2022-CA-1384-MR

Nikolov asserts that the circuit court improperly denied his RCr 11.42 motion to vacate his sentences of imprisonment in Action Nos. 18-CR-00594 and 19-CR-00539 based upon ineffective assistance of counsel during his probation revocation proceeding. To prevail on a claim of ineffective assistance of counsel, movant must demonstrate that trial counsel's performance was deficient and that such deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Our review proceeds accordingly.

Initially, Nikolov claims that the circuit court improperly relied upon evidence of "previously sanctioned conduct and use of uncharged alleged violations" in revoking probation. Nikolov's Brief at 6. The sufficiency of evidence supporting an order revoking probation is an issue that should be raised in a direct appeal, and thus, such claim is not amenable to resolution in an RCr 11.42 proceeding. *See Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). As such, we decline to review the merits of the above claim of error. *Leonard v. Commonwealth*, 279 S.W.3d 151, 156 (Ky. 2009).

Nikolov next asserts that counsel rendered ineffective assistance for failing to introduce into the record at the probation revocation hearing certain documents. Nikolov maintains that these documents establish that Nikolov completed an in-patient drug treatment program and that Nikolov did not fail to report to the probation officer on December 15, 2021. According to Nikolov, the failure of counsel to introduce these documents at the probation revocation hearing amounted to ineffective assistance that was prejudicial:

> At the evidentiary hearing [on RCr 11.42 motion] held in this matter, revocation counsel testified that he was aware that the court's probation order required Mr. Nikolov to complete "a DOC inpatient treatment program." Revocation counsel also testified that, at the time of the revocation hearing, he had obtained records showing that Mr. Nikolov completed inpatient treatment in December of 2021. . . . When asked why he did not introduce the records at the revocation hearing, counsel stated he believed that the records would be more

-9-

harmful than helpful due to concerns over positive drug test results. . . .

The trial court also found that Mr. Nikolov failed to report and concealed his whereabouts from his probation officer on December 15, 2021. To this point, revocation counsel testified he did not believe the date alleged was December 15, 2021[,] and likewise did not recall a record showing that Mr. Nikolov had been readmitted for treatment with ARC on December 15th. However, counsel did testify that if the date was December 15, 2021, and he had a record showing Mr. Nikolov had been admitted for treatment on that same date, he would certainly have introduced it at the hearing in defense. The very record that counsel stated he would have introduced was included in the records he received from ARC and was introduced at the evidentiary hearing held in this case.

It was deficient for revocation counsel to repeatedly fail to introduce records in his possession that were a complete defense to the allegations that formed the basis for revocation in this case. The direct result of counsel's deficiencies was that Mr. Nikolov's probation was revoked and he was sentenced to serve ten (10) years in prison.

Nikolov's Brief at 8-9 (citations and footnote omitted).

Even if counsel were deficient for failing to introduce the above documents into evidence at the probation revocation hearing, we do not believe that Nikolov has demonstrated prejudice as required by *Strickland*, 466 U.S. at 687. It is certainly clear that the circuit court considered and relied upon Nikolov's failure to complete an inpatient drug treatment program and his failure to meet with his probation officer on December 15, 2021, in reaching its decision.

However, it is equally clear that the circuit court also relied upon Nikolov's absconding by failing to report to probation and parole as directed by probation officers on January 21, 2022, and upon his failure to pay supervision, alcohol, and drug testing fees. Moreover, the circuit court lamented that "each time he [Nikolov] was released on probation in the first two cases he was convicted of more crimes" and that "[h]is criminal activity has continued." April 6, 2022, Order at 4. Therefore, we conclude that there does not exist a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

In summary, we hold that the circuit court did not abuse its discretion in revoking Nikolov's probation nor did the court commit reversible error by denying Nikolov's motion to vacate pursuant to RCr 11.42.

For the foregoing, the reasons, we affirm Appeal No. 2022-CA-0427-MR and Appeal No. 2022-CA-1384-MR.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEFS FOR APPELLEE: |
|---|---|
| Aaron Reed Baker | Daniel J. Cameron |
| Kieran J. Comer | Attorney General of Kentucky |
| Assistant Public Advocate | Frankfort, Kentucky |
| Department of Public Advocacy | |
| Frankfort, Kentucky | Stephanie Lynne McKeehan |
| | Assistant Attorney General |
| | Frankfort, Kentucky |